**FILED**

**May 11, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:08 PM**



**TENNESSEE BUREAU OF WORKERS' COMEPNSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT NASHVILLE**

| | |
|---|---|
| Juwana Berry,<br>        Employee,<br>v.<br>Community Health Services,<br>        Employer. | Docket No.: 2015-06-0700<br><br>State File No.: 3646-2015<br><br>Chief Judge Kenneth M. Switzer |

---

**EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS
(REVIEW OF THE FILE)**

---

THIS CAUSE came before the undersigned workers' compensation judge upon the Request for Expedited Hearing filed by the employee, Juwana Berry, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Berry requested the Court decide this matter upon a review of the file without an evidentiary hearing. Community Health Services (CHS), the employer, did not object to a review-of-the-file determination, reserving its right to object to the Court's consideration of particular documents. The Court issued a docketing notice (Ex. P) on April 18, 2016, to which both parties responded.[1]

This Court finds it needs no additional information to determine whether Ms. Berry is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2015), Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2015), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2015), the Court decides this matter upon a review of the written materials.

The central legal issue at this stage of the claim is whether Ms. Berry sustained an injury arising primarily out of and in the course and scope of employment with CHS, thereby entitling her to additional medical benefits. For the reasons set forth below, the Court finds Ms. Berry failed to satisfy her burden to show she is likely to prevail at a

---

[1] The Court labeled the documentation within the file as "exhibits" for ease of reference only. To be precise, because this matter came before the Court for a review-of-the-file determination, the Court only considered the admissibility of the short-term disability applications upon CHS's objection, as referenced *infra*.

1

hearing on the merits to establish a causal link between her injury and work. As such, the Court denies her requested relief.

## History of Claim

Ms. Berry is a thirty-seven-year-old resident of Davidson County, Tennessee. She alleged a "repetitive motion" injury to her right wrist, forearm and elbow, listing the date of injury as January 12, 2015. *See generally* Ex. A. In a recorded statement she gave the carrier on January 14, 2015, she explained, "I've been experiencing pain and I can't give you a specific date. It's been about a month. The pain is getting worse and worse by the day." (Ex. 9 at 3.) The adjuster asked which job duties Ms. Berry believed were causing her condition, to which Ms. Berry replied, "I think it's the typing." *Id.*

CHS provided a panel, from which Ms. Berry chose Dr. Paul Abbey. Ex. 11. Over the course of six months of treatment, Dr. Abbey gave Ms. Berry the impression he believed the injury worked-related. Ms. Berry testified in a deposition, "[Dr. Abbey] told me and Kim, the nurse they assigned to my case, while we were sitting in there, she asked him, is this work-related and he said yes, I don't see any other thing it could be related to." (Ex. 15 at 37.) Dr. Abbey opined at her first visit on January 21, 2015, that, "I believe her condition is secondary to the relative repetitive nature of her work." Ex. 1. Further, Ms. Berry applied for short-term disability benefits, and supplied forms Dr. Abbey and/or his staff completed, which contain check-the-box statements inquiring whether the injury is work-related. The "yes" boxes are checked on forms dated July 30, 2015, and August 4, 2015. Dr. Abbey purportedly signed both forms. *See* addenda to Ex. 14.

Dr. Abbey clarified his opinion in a deposition taken in December 2015. Ex. 14. Counsel for CHS asked, "Is it fair to state as we sit here today you cannot state within any reasonable degree of medical certainty that her condition is primarily related to her [work] activities?" Dr. Abbey replied, "That would be correct." *Id.* at 13. He additionally stated:

> I am reluctant to say that, you know, work is a major contributory cause until I have other explanations. Even if we had all of those issues, I would still probably suggest that it's not−I could not conclusively say that it's related to her work. Now, is there a possibility that work has some component? Sure. But is it more likely than not? I would have a hard time with that at the present.

*Id.* at 15-16.

Dr. Abbey acknowledged at his deposition the applications for short-term disability benefits contain statements that Ms. Berry's condition arises out of

employment. *Id.* at 16-17. Ms. Berry's former counsel asked Dr. Abbey if he completed the forms, to which he responded, "[I]f I did—if it was done, it was done by the girls[.]" Ms. Berry's former counsel further inquired, "[D]id you fill that form out or did somebody in your office?" Dr. Abbey responded, "It definitely does not look like my writing, and it doesn't look like my nurse's writing. I am not sure that's not even Juwanna's [sic] writing. But I don't know that. It certainly isn't mine, though."

Ms. Berry saw Dr. Philip Coogan for a second opinion on March 17, 2015. Dr. Coogan's notes state in pertinent part, "I cannot say with a reasonable degree of certainty that she has sustained an on-the-job injury," and, "I think this is probably most appropriately pursued outside of the Workers' Compensation System." Ex. 3. Dr. Coogan further testified at his deposition:

> I thought that it was not possible to say, with a reasonable degree of medical certainty, that she had sustained an on-the-job injury. I thought that other diagnoses were possible, thoracic outlet syndrome or some vascular problem, which I explained to her would be appropriately managed outside of the workers' compensation system.

(Ex. 16 at 9.) Both Drs. Abbey and Coogan testified they rendered their conclusions to a reasonable degree of medical certainty. (Ex. 14 at 13; Ex. 16 at 9.)

While Ms. Berry received authorized treatment, she additionally saw her primary care physician, Dr. Monica Davis. *See generally* Ex. 5. On January 8, 2015, just a few days prior to reporting the injury, Dr. Davis noted Ms. Berry's complaints of right wrist pain, observing, "Works at computer all day and has for years and uses her R hand to control the mouse." Dr. Davis wrote a letter dated August 6, 2015, stating:

> I have seen [Ms. Berry] for her right thumb and wrist pain and feel she has a diagnosis of DeQuervain's tendonitis. She does not have any signs or symptoms of Thoracic Outlet Syndrome and her exam in the office does not go along with diagnosis. She needs to follow up with an Orthopedic Specialist for her DeQuervain's tendonitis.

CHS filed a Notice of Controversy on August 3, 2015, terminating workers' compensation benefits. Ex. 13.

### Findings of Fact and Conclusions of Law

*Admissibility of Denial of Short-Term Disability Forms*

Prior to addressing the central issue, the Court must consider the objections to the admissibility of evidence. CHS objected to the admissibility of a document denying Ms.

Berry short-term disability benefits. Ex. S. In particular, it questioned the relevance of the letter, asserting that, "the information relied on, and analysis utilized, by the short-term disability carrier does not have any bearing on any fact that pertains to whether this claim is compensable under the laws of workers' compensation." CHS additionally asserted Ms. Berry did not properly authenticate the letter pursuant to Tennessee Rule of Evidence 901(a) (2015). In response, Ms. Berry stated:

> I would like to object to my employer's objection pertaining to the statement that dr. [sic] Abbey's office sent back to my short-term disability carrier Sun Life Financial. It states in his own words that this is a work-related condition and that is why this is relevant to my workers comp case. The faxed pages are clearly stamped from dr. Abbey's office at the top of each page as being sent from his office[.]

Ex. T. The Court marked the document as Exhibit 17 for identification only.

The Court closely inspected the document in question and finds it relevant to the issue before it. On page two, the document reads, "The Attending Physician's Statements completed by Dr. Abbey on July 30, 2015 and August 4, 2015 state 'Yes' to the question, 'Is condition due to injury/sickness arising out of patient's employment?'" Thus, the short-term disability carrier appears to have relied on the opinion of Dr. Abbey, the authorized treating physician in Ms. Berry's workers' compensation claim, as grounds for denying short-term disability benefits. In both Ms. Berry's application for short-term disability and her claim for workers' compensation, work-relatedness is a central consideration. Therefore, the Court has no difficulty finding the document has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401.

However, the Court agrees with CHS that Ms. Berry did not properly authenticate the letter. Tennessee Rule of Evidence 901(a) provides, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims."

As CHS observed in its Evidentiary Objections, the rule provides a number of ways to authenticate evidence, none of which is present here. Ms. Berry indicated the faxed pages are "clearly stamped from [D]r. Abbey's office," but in fact, the fax markings merely identify the date and time of transmission and the number of pages, some of which appear to be missing. She additionally asserted they were in Dr. Abbey's "own words," which is inaccurate because, while it appears Sun Life personnel relied on Dr. Abbey's opinion to deny her claim, Dr. Abbey does not make a direct statement within the document. Further, the bulk of the document appears to be copies of email

4

communications, among at least ten individuals, and the document is unsigned. The Court has no reason to believe Ms. Berry tampered with the document; however, it cannot conclude that the document is what she claims it to be, given these deficiencies. Therefore, the Court finds the document inadmissible and disregards it for purposes of this Order.[2]

*General Legal Principles and Causation*

The Court turns now to the legal principles it must apply to grant or deny the relief Ms. Berry requested. In general, Ms. Berry bears the burden of proof on all prima facie elements of her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Ms. Berry need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Ms. Berry has the burden to come forward with sufficient evidence from which the trial court can determine she is likely to prevail at a hearing on the merits. *Id.*

The Workers' Compensation Law defines an "injury" to include "cumulative trauma conditions . . . or any repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). Ms. Berry must establish causation by expert medical opinion stated to a reasonable degree of medical certainty, considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015). Further, Tennessee Code Annotated section 50-6-102(14)(E) (2015) affords the causation opinion of the authorized treating physician selected from the employer's panel a presumption of correctness, and the statutory presumption is rebuttable by a preponderance of the evidence. *Id.*

Applying the above-cited principles, the Court finds the authorized treating physician, Dr. Abbey, opined at his deposition that he cannot state within any reasonable degree of medical certainty that Ms. Berry's condition is primarily related to her work activities. Dr. Abbey's opinion is presumed correct. Dr. Coogan, who saw Ms. Berry for a second opinion, similarly testified that it was not possible to say, within a reasonable degree of medical certainty, that Ms. Berry sustained an on-the-job injury.

Ms. Berry's reliance on the short-term disability applications, while reasonable, is misplaced. In examining both of these documents, the Court observes that the signature

---

[2] To clarify, the Court considered the short-term disability applications dated July 30, 2015, and August 4, 2015, because they were addenda to Dr. Abbey's deposition, to which neither party objected. The Court's ruling applies only to the denial letter and accompanying email communications.

section of each document contains very different signatures. Dr. Abbey never testified whether he signed these forms. The Court cannot conclude that he signed either one of the documents.

Ms. Berry additionally supplied the Court with the records of Dr. Monica Davis, her primary care physician. Dr. Davis stated her opinion that Ms. Berry suffers from DeQuervain's tendonitis. Nonetheless, although Dr. Davis' records mention Ms. Berry's wrist pain and her work together, there is no statement affirmatively linking the two. The statute requires the expert medical opinion be shown to a reasonable degree of medical certainty, considering all causes. Dr. Davis' records do not satisfy this requirement, and thus fail to rebut Dr. Abbey's opinion on causation.

The Court finds Ms. Berry is not likely to prevail at a hearing on the merits, and denies her requested relief at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Berry's requests for additional medical care and reimbursement of past medical expenses are denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on June 28, 2016, at 8:30 a.m.

**ENTERED this the 11th day of May, 2016.**

**Kenneth M. Switzer, Chief Judge**
**Court of Workers' Compensation Claims**

6

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's

position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

The Court considered the following information:

1. Medical records, Dr. Paul Abbey
2. Medical record, Tennessee Physical Medicine and Pain Management
3. Medical record, Tennessee Orthopaedic Alliance, Dr. Coogan
4. Medical records, Outpatient Diagnostic Center of Nashville
5. Medical records, Dr. Monica Davis
6. Medical records, Seven Springs Orthopaedic and Sports Medicine
7. Medical Records, Star Physical Therapy
8. First Report of Injury, January 13, 2015
9. Recorded statement to adjuster, January 14, 2015
10. Employee job description
11. Choice of Physicians form, January 14, 2015
12. Wage Statement, February 6, 2015
13. Notice of Controversy, August 3, 2015
14. Notice of Filing Deposition Transcript of Paul Abbey M.D., and Deposition Transcript of Paul Abbey M.D., January 13, 2016
15. Notice of Filing Deposition Transcript of Juwana Berry, and Deposition Transcript of Juwana Berry, April 11, 2016
16. Notice of Filing Deposition Transcript of Philip Coogan M.D., and Deposition Transcript of Philip Coogan M.D., April 11, 2016
17. Denial of short-term disability claim, January 14, 2016-For identification only

**

A. Petition for Benefit Determination, September 24, 2015
B. Employer's position statement to mediator, October 12, 2015
C. Dispute Certification Notice, October 23, 2015
D. Affidavit in Support of Motion to Withdraw, December 17, 2015
E. Order on Motion to Withdraw, December 22, 2015
F. Motion to Withdraw and Affidavit, December 30, 2015
G. Request for Expedited Hearing, January 8, 2016
H. Motion to Postpone Expedited Hearing, January 12, 2016
I. Employer's Response to Request for Expedited Hearing, January 13, 2016
J. Petition for Benefit Determination, January 14, 2016
K. Notice of Hearing, January 28, 2016
L. Affidavit of Juwana Berry, February 1, 2016 (Includes fax to Dr. Abbey regarding short-term disability claim)
M. Order, February 8, 2016
N. Notices of Deposition, March 7, 2016 (Dr. Coogan and Ms. Berry)
O. Status Conference Order, April 5, 2016

9

P. Docketing Notice, April 18, 2016
Q. Employee's Position Statement, April 20, 2016
R. Employer's Position Statement, April 22, 2016
S. Employer's Evidentiary Objections, April 22, 2016
T. Employee's Objection to Employer's Evidentiary Objections, April 22, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 11th day of May, 2016.

| Name | Certified Mail | Via Email | Regular Mail/Email Address |
|------|----------------|-----------|----------------------------|
| Juwana Berry, Employee | X | X | Juwanab1@comcast.net; 100 E. Marthona Rd., Madison, TN 37115 |
| Thomas Dement, Employer's Counsel | | X | Thomas.dement@leitnerfirm.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

11